3Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2497 | **DATE** | 4/13/2012 |
| **CASE TITLE** | Denise Gatto vs. Indian Prairie School District 204 | | |

**DOCKET ENTRY TEXT**

For the reasons listed in the Statement section of the order, Plaintiff Denise Gatto's motion for leave to file *in forma pauperis* (Dkt. No. 3), and Gatto's motion for appointment of counsel (Dkt. No. 4) are denied. If Gatto desires to proceed with this case, Gatto must pay the $350 filing fee by May 14, 2012. Failure to comply with this order will result in dismissal of this case.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Requests to proceed *in forma pauperis* ("IFP") are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action or appeal in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

The events underlying Gatto's complaint (Dkt. No. 1) are substantially similar to those alleged in *Denise Gatto v. Indian Prairie School District 204*, No. 11 C 6405 (N.D. Ill.) (Holderman, C.J.). In that case, Gatto raised a Title VII claim, a breach of contract claim, and a defamation claim, alleging that Indian Prairie School District 204 ("204") discriminated against her when it failed to promote her from her student teaching job and disseminated negative references to potential employers, thus preventing her from obtaining other employment. This court found that Gatto's allegations in that case failed to state a claim for relief and granted a motion to dismiss on March 26, 2012. *Id.*

In this case, Gatto raises another claim of discrimination for the same underlying events, this time under 42 U.S.C. § 1983. (Dkt. No. 1.) Instead of raising the claim against the school district, she is now suing the superintendent, the assistant superintendent, and the principal of a school where she worked. (Although the caption of the case indicates that Gatto is suing 204, her complaint actually raises claims against the other individuals.)

To make out a claim for discrimination under §1983, Gatto must allege that "1)[s]he is a member of a protected class; 2) [s]he was similarly situated to individuals not of the protected class; 3) [s]he was treated differently than those similarly-situated individuals; and 4) those who treated h[er] differently acted with

| STATEMENT |
|---|

discriminatory intent." *Swearingen-El v. Cook Cnty. Sheriff's Dep't*, 416 F. Supp. 2d 612, 617 (N.D. Ill. 2006) (citing *Johnson v. City of Fort Wayne*, 91 F.3d 922, 944 (7th Cir. 1996)). Here, presuming that Gatto is a member of a protected class because she is a woman, Gatto has not alleged that she was similarly situated to men who were hired as teachers or given positive references. Moreover, she has alleged no evidence of discriminatory intent. Accordingly, Gatto has failed to state a § 1983 claim.

Gatto's complaint also appears to be frivolous because it relates to the same events that have already been litigated in Case No. 11 C 6405. In particular, it appears that 204's alleged discriminatory failure to give Gatto a job occurred in 2006 (Gatto does not include any dates in her complaint in this action, but alleged in Case No. 11 C 6405 that the events occurred in 2006. *See* Am. Compl. 5-6, *Denise Gatto v. Indian Prairie School District 204*, No. 11 C 6405 (Sept. 22, 2012 N.D. Ill.)) Assuming that to be the case, Gatto's action is untimely. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (the statute of limitations for a § 1983 claim is the statute of limitations for personal-injury torts in the state in which the cause of action arose); *Farrell v. McDonough*, 966 F.2d 279, 281 (7th Cir. 1992) (same); *see also* 735 Ill. Comp. Stat. 5/13-202 (personal-injury torts statute of limitations is two years in Illinois). The court thus finds Gatto's complaint to be frivolous, and her motion to proceed IFP is denied.

Federal courts are also authorized to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but only "in proceedings *in forma pauperis*," *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). Because the court is denying Gatto's motion to proceed IFP, she is not eligible for the appointment of counsel.

*James F. Holderman*